NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0006n.06

No. 24-5723

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jan 06, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| JERRY WAYNE BEANE, | ) | |
| Defendant-Appellant. | ) | OPINION |

Before: GIBBONS, LARSEN, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. Jerry Beane pleaded guilty to a drug offense. He now argues that his attorney provided constitutionally ineffective assistance of counsel. But we typically leave ineffective-assistance claims for post-conviction proceedings under 28 U.S.C. § 2255. This case should be no different. We thus affirm.

In December 2022, a confidential informant told the police that Beane had been packaging methamphetamine for resale at his home in Paris, Tennessee. This information led the police to obtain a warrant to search Beane's home. They uncovered over 57 grams of methamphetamine, jars of marijuana, digital scales, and $17,860 in cash. They also found dozens of firearms.

The prosecution charged Beane with six drug and firearm offenses. The parties reached a plea agreement. In exchange for the dismissal of the firearm charges, Beane agreed to plead guilty to possessing with the intent to distribute at least 50 grams of methamphetamine. The district court sentenced him to 188 months' imprisonment.

On appeal, Beane asserts that his counsel provided ineffective assistance in violation of his Sixth Amendment right to counsel. *See Strickland v. Washington*, 466 U.S. 668, 685–87 (1984). But this claim faces a procedural obstacle. We generally do not consider ineffective-assistance claims on direct appeal because we lack the evidence required to assess the claims. *See United States v. Ellis*, 115 F.4th 497, 503 (6th Cir. 2024); *United States v. Sypher*, 684 F.3d 622, 626 (6th Cir. 2012); *see also Massaro v. United States*, 538 U.S. 500, 504–05 (2003). What did defense counsel tell the defendant? Was anything mistaken about counsel's advice? Did the defendant plead guilty based on it? The record typically does not contain answers to these questions because these privileged communications will have occurred in private. *See Sypher*, 684 F.3d at 626. In that situation, we will refrain from addressing the ineffective-assistance claim and instruct the defendant to raise it in a timely filed motion under § 2255. *See id.* We will consider an ineffective-assistance claim on direct appeal only in the "rare" case that contains an adequate record—say, because the district court held an evidentiary hearing on the claim before entering a final judgment. *Id.* (citation omitted); *see United States v. Carson*, 32 F.4th 615, 621 (6th Cir. 2022).

The general rule (not the rare exception) applies here. Beane's appellate brief asserts that his counsel "promised" him that the district court would sentence him to only 5 years (not the 188 months he received). Appellant's Br. 7. It also asserts that his counsel "assured" him that he could appeal any sentence above that term. *Id.* But his brief simply makes these allegations—without supporting them with *admissible evidence*. *See United States v. Gardner*, 417 F.3d 541, 545 (6th Cir. 2005). Yet when Beane pleaded guilty, the district court told him that he faced a mandatory minimum of "not less than 10 years imprisonment" for his offense. Plea Tr., R.49, PageID 161. Beane answered "Yes" to the question whether he understood the potential "penalties" for the crime. *Id.*, PageID 162. The court next warned Beane that he would generally "be giving up [his]

right to appeal [his] conviction," and Beane again said he understood. *Id.*, PageID 170. So the *only* evidence on these issues cuts sharply against his ineffective-assistance claim. And Beane's appellate counsel has taken a "big risk" by raising this claim now. *United States v. Manzano*, 793 F. App'x 360, 367 (6th Cir. 2019). After all, preclusion principles might bar his relitigation of the claim in a § 2255 proceeding—when he can submit an affidavit about his attorney's communications—if we prematurely rejected the claim on the merits at this time. *See id.* Rather than take that approach, we will save this claim for post-conviction proceedings under § 2255.

We affirm.